Wright, J.,
dissenting. In my view, the aggravating circumstance, kidnapping, clearly does not outweigh the mitigating factors beyond a reasonable doubt. I say this for the following reasons:
*498 (1) The appellant was fifty-eight years old at the time of the crime. Furthermore, he has no record of previous felonious conduct whatsoever. Appellant’s only criminal conviction was for a DWI some years ago.
(2) Appellant’s history indicates a dysfunctional family background.
(3) Although appellant has a limited educational background, having completed only the tenth grade, he has had a record of productive employment during most of his adult life and notably spent eight years in the United States Air Force, receiving an honorable discharge after his service.
(4) There is a substantial amount of testimony in the record with respect to the appellant’s reputation and none of the testimony, credited by the three-judge panel pointed toward violent activity in his past. The trial panel gave no credibility to the testimony of James Simko as to previous incidents of domestic violence.
(5) Appellant poses no threat to society in the event of a twenty- or thirty-year actual incarceration.
(6) Appellant has been a model prisoner.
(7) While it is true that the murder itself was brutal in character, it has to be noted that appellant has a history of alcohol abuse and was intoxicated at the time of the offense, according to expert testimony that his blood-alcohol level at the time of the offense would have been about .14 percent.
(8) Appellant was diagnosed as having avoidant personality disorder. While this does not rise to the level of a mental disease or defect such that it would be a mitigating factor under R.C. 2929.04(B)(3), it does apply to appellant’s mental state and should be considered under R.C. 2929.04(B)(7).
(9) Appellant has shown remorse for his actions.
Furthermore, it would appear that the trial panel may well have treated the nature and circumstances of the crime as a second aggravating circumstance insofar as they made detailed findings of fact concerning the circumstances of the crime and used the plural several times in alluding to aggravating circumstances.[2] *499 This court has held that it is appropriate to consider the nature and circumstances of the offense as a mitigating factor, but not as an additional statutory aggravating circumstance.
In State v. Johnson (1986), 24 Ohio St.3d 87, 24 OBR 282, 494 N.E.2d 1061, syllabus, this court held: “R.C. 2941.14(B) limits the aggravating circumstances which may be considered in imposing the death penalty to those specifically enumerated in R.C. 2929.04(A).” This principle was discussed in great detail in State v. Penix (1987), 32 Ohio St.3d 369, 513 N.E.2d 744, and State v. Davis (1988), 38 Ohio St.3d 361, 528 N.E.2d 925.
In State v. Davis, the defendant was convicted of aggravated murder in violation of R.C. 2903.01(A). The death penalty specification count of prior purposeful killing was included in the indictment. The court of appeals upheld the death sentence imposed upon the defendant. This court reversed the judgment of the court of appeals and remanded the cause to the trial court for resentencing because the three-judge panel improperly weighed nonstatutory aggravating circumstances against the mitigating factors. The panel specified what it considered to be the mitigating factors and aggravating circumstances. Its opinion read:
“ ‘We find the following aggravated [sic] circumstances have been proved beyond a reasonable doubt:
“ T) The manner by which the Defendant purchased the gun, used to kill the victim in this ease.
“ ‘2) The manner by which the Defendant purchased the ammunition for the gun.
“ ‘3) The shooting of the victim, the firing at close range and finally placing the gun almost against her skull and discharging the weapon.
*500 “ ‘4) The prior purposeful killing of his wife in 1970 by multiple stab wounds.
“ ‘5) Committing the present offense while on parole for the murder of his wife.
“ ‘After considering the mitigating factors and the aggravating circumstances proved beyond a reasonable doubt, we unanimously find by proof beyond a reasonable doubt that the aggravating circumstances the Defendant was found guilty of, outweigh the mitigating factors found by this panel.’ ” Id., 38 Ohio St.3d at 368, 528 N.E.2d at 932.
Of the five “aggravating circumstances” listed in the opinion, only the aggravating circumstance described in R.C. 2929.04(A)(5) was a statutory aggravating circumstance. In response, this court stated “the balance of the five circumstances listed by the three-judge panel was outside the statute” and it was therefore improper to consider them. Id. at 369, 528 N.E.2d at 933.
The three-judge panel in this case apparently undertook the same type of flawed analysis. See footnote 2. It is permissible for a court to consider nonstatutory aggravating circumstances if there are no mitigating factors present, as there is no danger that nonstatutory circumstances will overcome the mitigating factors in the weighing process. Id., 38 Ohio St.3d at 370-371, 528 N.E.2d at 934, citing Elledge v. State (Fla.1977), 346 So.2d 998. However, as specified above, there are numerous mitigating factors present in this case and therefore the nature and circumstances of the offense should not have been considered as an aggravating circumstance. See, also, Zant v. Stephens (1983), 462 U.S. 862, 103 S.Ct. 2733, 77 L.Ed.2d 235, and Barclay v. Florida (1982), 463 U.S. 939, 103 S.Ct. 3418, 77 L.Ed.2d 1134.
In addition, I concur in the thrust of the dissent of Justice Pfeifer, as it is my belief that the sentence of death in this case is disproportionate and inappropriate given the previous cases decided by this court.
For all these reasons, I would affirm the conviction, but reverse the death sentence and remand the matter to the trial panel for resentencing pursuant to State v. Davis (1988), 38 Ohio St.3d 361, 528 N.E.2d 925.

. The opinion of the trial panel reads as follows:
“REASONS WHY THE AGGRAVATING CIRCUMSTANCES THE OFFENDER WAS FOUND GUILTY OF COMMITTING WERE SUFFICIENT TO OUTWEIGH THE MITIGATING FACTORS.
“1. The Panel finds beyond a reasonable doubt that the Defendant was the principal offender in Count I, Count II and Count III of the indictment.
“2. The kidnapping of Mary Jane Johnson was not a mere restraint of liberty incident to the homicide. * * *
“3. Defendant’s purchase of a 357 Magnum gun along with hollow point bullets four days before the shooting.
“4. Defendant’s decision to go to Durling Elementary School with a loaded 357 Magnum.
*499 “5. Defendant’s decision to take only one key to the elementary school, the key to enter the building.
“6. The continued restraint of Mary Jane Johnson after she called for help, by force, for the purpose of terrorizing and/or for the purpose of inflicting serious physical harm.
“7. The circumstance that Defendant had the opportunity and could have released her to safety on at least three different occasions. * * *
“8. The circumstance that Defendant left Mary Jane Johnson bleeding to death by the dumpster; that Defendant sought no medical treatment for her, but decided to flee.
“9. Even with no prior criminal history and considering his character and background, the aggravating circumstances clearly outweigh the mitigating factors.
a * iff
“Finally, in looking at any other relevant factors, we consider Defendant’s claim of remorse and his lack of a criminal history. Balancing the mitigating factors enumerated above against the aggravating circumstances, we conclude that the aggravating circumstances outweigh the mitigating factors beyond a reasonable doubt.” (Emphasis added.)